UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: Custom Designed Cabinetry & Construction, Inc., <br><br> Debtor(s). | Bankruptcy No. 08 B 71196 <br> Chapter 11 <br> Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for relief from stay filed by creditor Stillman BancCorp, N.A. (the "Bank"), pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001, on April 25, 2008. For the reasons set forth herein, the Court grants the Bank's motion for relief from stay.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## FACTS AND BACKGROUND

In February 2008, debtor Custom Designed Cabinetry and Construction, Inc. ("Debtor") hired John P. Hill and Associates, Ltd. ("JPH") to develop an appraisal report of the Debtor's real property located at 7784 Forest Hills Road, Loves Park, Illinois 61111. On February 26, 2008, JPH issued a summary appraisal report, effective February 25, 2008, on the subject property. The JPH report found that the property had a fair market value of $475,000 and a liquidation value of $355,000. JPH's report indicated that the property was listed by the owner at $950,000 as of February 2008. The JPH report further indicated that 2006 annual taxes were $9188.18.

On April 3, 2008, the Illinois circuit court, in case number 07-CH-1323, granted

judgment of foreclosure and sale to the Bank. On April 21, 2008, Debtor filed a voluntary Chapter 11 bankruptcy petition. Debtor had operated Gia's Restaurant at 7784 Forest Hills Road, Loves Park, Illinois 61111. A foreclosure sale on the subject property was scheduled, but it was stayed when Debtor filed for bankruptcy.

On April 25, 2008, the Bank filed a motion for relief from stay as to the real estate and business assets located at 7784 Forest Hills Road, Loves Park, Illinois 61111. The Bank asserts that Debtor failed to provide adequate protection, pursuant to 11 U.S.C. § 362(d)(1), for failure to pay $171,226.53 in taxes and for a rapidly depreciating asset. In addition, pursuant to 11 U.S.C. § 362(d)(2), the Bank argues that Debtor does not have equity in the collateral or an effective reorganization plan and, furthermore, has acted in bad faith. The Bank asserts that Debtor has a post-petition default of twelve (12) months or $337,758.39. All other liens against the collateral equals $532,528.41. The Bank alleges that the estimated value of the collateral on the required statement to accompany all motions for relief from stay was $700,000.

On May 8, 2008, the Bank filed proof of claim number 7 in the amount of $337,758.39 for its mortgage loan against the subject property. The Bank holds a security interest with a note and mortgage on Debtor's real estate and business assets located at 7784 Forest Hills Road, Loves Park, Illinois 61111. On September 25, 2007, Debtor executed a real estate mortgage for $280,000 and a secured business advance for $50,000 over sixty (60) months on the subject property. At the time of the filing of the bankruptcy, Debtor was in default under the Bank's note and mortgage for failure to make the required principal and interest payments in the amount of $337,758.39. In addition, another creditor M&I Marshall & Ilsley Bank ("M&I") holds a second mortgage against Debtor's real estate in the amount of $361,301.88. According to Debtor's schedules, the subject real estate's fair market value equals $800,000. The Internal Revenue Services ("IRS") holds a tax lien for $171,226.53 that is subordinate to the Bank's first mortgage

and M&I's second mortgage on the property.

In January 2009, the Bank hired Appraisal Research, Inc. ("ARI") to develop an appraisal report of the subject property. On January 23, 2009, ARI issued a summary appraisal report, effective January 9, 2009, on the subject property and found that the property had a fair market value of $400,000. ARI's report indicated that the property was listed at $625,000 on June 3, 2008 with no current offers and it had been listed for approximately two years by the owner at $695,000 without any offers. The ARI report further indicated that 2007 annual taxes were $9355.

In a hearing dated February 18, 2009, the Bank called Randall J. Heeg, a special lender for Stillman Bank, to testify, while Debtor called Vito Adotta, a commercial realtor with Keller-Williams, to testify. The parties stipulated to the January 2009 ARI appraisal that valued the property at $400,000; the February 2008 JPH appraisal that valued the property at $475,000; and the June 3, 2008 listing agreement that listed the property at $625,000.

The lender, Heeg, testified that, as of February 2009, the total mortgage loan amount, including principal and interest, equaled $354,148.67. In addition, Heeg stated that the expenses to date were $10,074.90. He further testified that Debtor's 2005 to 2008 real estate taxes were in arrears in the amount of $36,752. Thus, Heeg stated that the total balance, with principal, interest, expenses and real estate taxes, equaled $400,975.57. Heeg noted that the loan interest was calculated at 7.5%, but the foreclosure judgment allows 9% interest, which would have increased the total balance by $3500. On redirect examination, Heeg testified that a September 2005 appraisal report valued the property at $450,000.

Debtor's real estate broker, Adotta, testified that the original listing price in June 2008 was $625,000, but it had been reduced to $549,000 in early 2009. Adotta testified that he has not received any offers to purchase. On cross-examination, Adotta testified that the county assessor

valued the property at $354,000.

## DISCUSSION

"'The automatic stay provision of the Bankruptcy Code, § 362(a), has been described as one of the most fundamental debtor protections provided by the bankruptcy laws.'" In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991) (quoting Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 503, 106 S. Ct. 755, 760, 88 L. Ed. 2d 859 (1986) (footnote and internal quotations omitted)). Section 362(a)(1) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

> Fed. R. Bankr. R. 4001 provides that
>
> [a] motion for relief from an automatic stay provided by the Code . . . shall be made in accordance with Rule 9014 and shall be served on any committee elected pursuant to § 705 or appointed pursuant to § 1102 of the Coe or its authorized agent, or, if the case is . . . a chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to § 1102, on the creditors included on the list filed pursuant to Rule 1007(d), and on such other entities as the court may direct.

Furthermore, 11 U.S.C. § 362(d)(1), (2) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization[.]

See Randhava v. Peterson, 364 B.R. 301, 303 (N.D. Ill. 2006) (affirming bankruptcy court's denial of automatic stay in Chapter 11 proceeding, pursuant to 11 U.S.C. § 362(d)(1)) (citing In re Fernstrom Storage & Van Co., supra, 938 F.2d at 735 (defining the term, "cause," as it relates

4 of 9

to 11 U.S.C. § 362(d)(1)). The decision to modify or otherwise annul the automatic stay pursuant to § 362(d) is committed to the sound discretion of the bankruptcy court. In re Tewell, 355 B.R. 674, 679 (Bankr. N.D. Ill. 2006) (citing In re C & S Grain Co., 47 F.3d 233, 238 (7th Cir. 1995); In re Boomgarden, 780 F.2d 657, 660 (7th Cir. 1985); Holtkamp v. Littlefield (In re Holtkamp), 669 F.2d 505, 507 (7th Cir. 1982)).

"'Cause'" as used in § 362(d)(1) "has no clear definition and is determined on a case-by-case basis." In re Fernstrom Storage & Van Co., supra, 938 F.2d at 735 (quoting In re Tucson Estates, 912 F.2d 1162, 1166 (9th Cir. 1990)). Under §§ 361, 362(d)(1), a creditor may seek relief from stay if the creditor is not adequately protected. In re Cadwell's Corners P'ship, 174 B.R. 744, 758 (Bankr. N.D. Ill. 1994).

Under § 362(d)(2), a creditor may seek relief from stay if the debtor has no realistic ability to reorganize, or the bankruptcy case was filed in bad faith. Id. at 758.

With reorganization, section 362(d)(2) provides that relief from the automatic stay must be granted if the debtor has no equity in the property and the property is not necessary to an effective reorganization. Id. at 759 (citing 11 U.S.C. § 362(d)(2)). The party seeking stay relief has the burden of proving a lack of equity in the property. Ibid. (citing 11 U.S.C. § 362(g); United Sav. Ass'n v. Timbers of Inwood Forest, 484 U.S. 365, 375, 108 S. Ct. 626, 632, 98 L. Ed. 2d 740 (1988); In re Boomgarden, 780 F.2d 657, 663 (7th Cir. 1985); In re 8th Street Village Ltd. P'ship, 88 B.R. 853, 856 (Bankr.N.D.Ill.1988), aff'd, 94 B.R. 993 (N.D. Ill. 1988)). Rule 3001(f) provides that a proof of claim executed and filed shall constitute prima facie evidence of the validity and amount of the claim. Ibid. (citing Fed. R. Bank. P. 3001(f)). After reviewing the proof of claim and evidence presented in the case, if the debt exceeds the value of the subject real property, then the court need not go any further into the actual validity of the creditor's claim. Ibid. (citing In re Midway Airlines, Inc., 167 B.R. 880, 883 (Bankr. N.D. Ill. 1994)). State law

determines whether a valid security interest exists in property. In re Tewell, supra, 355 B.R. at 679 (citing Butner v. United States, 440 U.S. 48, 54-57, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979); In re Martin Grinding & Mach. Works, Inc., 793 F.2d 592, 594 (7th Cir. 1986)).

The burden of proof would then shift to the debtor to establish that the subject real property is necessary to an effective reorganization. Ibid. (citing 11 U.S.C. § 362(g); Timbers of Inwood Forest, supra, 484 U.S. at 375, 108 S. Ct. at 632; 8th Street Village, 88 B.R. at 856). Thus, the debtor must show that there is "a reasonable possibility of a successful reorganization within a reasonable time." Ibid. (quoting Timbers of Inwood Forest, supra, 484 U.S. at 375, 108 S. Ct. at 632).

There is a sliding scale as to the extent a debtor must prove the possibility of an effective reorganization in a lift stay proceeding depending on the stage of the case. Ibid. (citing Timbers of Inwood Forest, supra, 484 U.S. at 376, 108 S. Ct. at 632-33; In re Ashgrove Apartments of DeKalb County, Ltd., 121 B.R. 752, 756 (Bankr. S.D. Ohio 1990)).

> [I]n the initial stages of a Chapter 11 proceeding, the debtor should be granted significant leeway in attempting to establish that successful reorganization is a reasonable possibility. However, as the case progresses, so too does the debtor's burden of proving that successful reorganization may be reasonably expected. Even at the later stages, a motion for relief from stay should not be turned into a confirmation hearing; that is not the debtor's burden of proof. Rather, the test should be viewed as a continuum with the scales tipping in favor of the debtor in the early stages and the burden of proof becoming greater in the later stages.
>
> [Ibid. (quoting In re Ashgrove Apartments of DeKalb County, Ltd., supra, 121 B.R. at 756).]

Therefore, the debtor must at least establish that: (1) "[i]t is moving meaningfully to propose a plan of reorganization;" (2) "[t]he proposed or contemplated plan has a realistic chance of being confirmed;" and (3) "[t]he proposed or contemplated plan is not patently unconfirmable." Ibid. (quoting In re Ashgrove Apartments of DeKalb County, Ltd., supra, 121 B.R. at 756).

In the first few months after filing, the debtor is under less stringent demands to

demonstrate the possibility of a successful reorganization. Id. at 761 (citing Timbers of Inwood Forest, supra, 484 U.S. at 376, 108 S. Ct. at 632-33; In re Century Investment Fund VIII, L.P., 155 B.R. 1002, 1007 (Bankr. E.D. Wisc. 1989) (stating that "the details of a possible plan need not be extensive when the hearing was held less than two months after filing"), aff'd, 937 F.2d 371 (7th Cir. 1991); In re Ashgrove Apartments of DeKalb County, Ltd., supra, 121 B.R. at 757). Yet, even at this early stage of the bankruptcy case, the debtor is still required to present some evidence that an effective reorganization is possible. Ibid. (citing Timbers of Inwood Forest, supra, 484 U.S. at 376, 108 S. Ct. at 632-33; In re New American Food Concepts, Inc., 70 B.R. 254, 262 (Bankr. N.D. Ohio 1987); In re 6200 Ridge, Inc., 69 B.R. 837, 843 (Bankr. E.D. Pa. 1987) (stating that "11 U.S.C. § 362(d)(2)(B) requires that relief from stay be granted if there is no reasonable likelihood of reorganization") (citations omitted); In re Terra Mar Associates, 3 B.R. 462, 466 (Bankr. D. Conn. 1980)). "'The court should not, at the conclusion of the debtor's case, be left to speculate about important elements and issues relating to the likelihood of an effective reorganization.'" Ibid. (quoting In re Anderson Oaks (Phase I) Ltd. P'ship, 77 B.R. 108, 110 (Bankr.W.D.Tex.1987)).

To determine whether there was bad faith filing, the court may consider, among other factors, whether: (1) the debtor has only few assets; (2) the debtor has few unsecured creditors whose claims are small in relation to the claims of the moving creditor; (3) the debtor has few employees; (4) the real property is the subject of a foreclosure action as a result of arrearages on the debt; (5) the debtor's financial problems involve a dispute between the debtor and the moving creditor which can be resolved in the pending state court action; and (6) the timing of the debtor's filing evidences bad faith. Id. at 762 (citing In re Schmidt Farm P'ship, 161 B.R. 429 (N.D. Ill. 1993), In re McCormick Road Assocs., 127 B.R. 410 (N.D. Ill. 1991), In re Park Place Assocs., 115 B.R. 940 (Bankr. N.D. Ill. 1989)). It should be emphasized, however, that no particular set

of factors alone are determinative of bad faith. Ibid. Rather, these factors are among many items which the court must consider in light of the totality of the circumstances surrounding each bankruptcy case. Ibid.

Here, pursuant to 11 U.S.C. §§ 362(d)(1), (2), Debtor has not provided an equity cushion in the subject real estate, nor adequate protection to the Bank. There is no equity cushion because the loan balance equaled or exceeded the property's fair market value. As of February 2009, the Bank's total mortgage loan balance, including principal and interest of $354,148.67, expenses of $10,074.90, and Debtor's 2005 to 2008 real estate taxes of $36,752, equaled $400,975.57. Since Debtor filed for bankruptcy, the fair market value has been steadily declining. The Bank's September 2005 appraisal valued the property at $450,000, Debtor's February 2008 JPH appraisal valued the property at $475,000, and the Bank's January 2009 ARI appraisal valued the property at $400,000. The county assessor valued the property at $354,000. The original listing price in June 2008 was $625,000 and it has been reduced to $549,000 in early 2009, yet it has not received any offers to purchase. The foreclosure judgment allows 9% interest and the real estate taxes of $9000 per year have not been paid since 2005. Thus, between the asset depreciation, escalating tax deficiencies, and accumulating interest, the property has lost significant equity cushion. Moreover, Debtor has not provided any adequate protection to the Bank. Therefore, the Bank is entitled to relief from stay to pursue its remedies in state court.

## CONCLUSION

For the foregoing reasons, the Court grants the Bank's motion for relief from stay.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: March 9, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge